UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Misael T.,

    Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

    Respondents.

File No. 26-cv-263 (ECT/EMB)

**OPINION AND ORDER**

---

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Misael T.

Ana H. Voss,[1] United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

Petitioner Misael T. is an Ecuadorian citizen who has resided in the United States since August 22, 2023. Pet. [ECF No. 1] ¶ 12. Misael "entered the United States with his wife and two children, and asserted a claim of asylum, which proceedings are currently pending." *Id.* ¶ 13. Misael also "obtained a work permit." *Id.* ¶ 14. The dates of Misael's asylum application and work authorization have not been provided, either by him or Respondents. *See* Pet. ¶ 12; ECF No. 8 at 1–2. Misael "has no criminal history," and he

---

[1] Matthew Isihara filed a response on behalf of the United States Attorney's Office. *See* ECF No. 8. Mr. Isihara has not filed a notice of appearance in this action. *See* Dkt.

"has been diligent about staying on top of his paperwork and court appearances for his pending asylum claim." *Id.* ¶¶ 16–17.  Misael was detained on January 13, 2026, as part of "Operation Metro Surge."  *Id.* ¶¶ 18, 20.  At the time of his Petition's filing, Misael was detained at "the Whipple in Fort Snelling, Minnesota."  *Id.* ¶ 23.[2]

Misael challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 2.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 33–38; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Misael, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Administrative Procedure Act, and 8 U.S.C. § 1226(a).  Pet. ¶¶ 39–56.  He seeks a writ of habeas corpus requiring Respondents to release him immediately or provide a bond hearing under 8 U.S.C. § 1226(a) and an order enjoining his transfer out of the District of Minnesota during the pendency of this case.  Pet. at 16.

According to Respondents, 8 U.S.C. § 1225(b)(2) governs Misael's detention, making his continued detention mandatory.  This raises an issue of statutory interpretation[3]

---

[2]  Neither party provided the Court with Misael's Notice to Appear or the other paperwork we've usually received in these cases.  In this case, it doesn't matter.  In their response to Misael's Petition, Respondents did not contest any of the facts alleged in the Petition.  *See* ECF No. 8 at 1–2.

[3]  To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Misael's petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

2

that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Misael has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Misael has lived in the United States for more than two years. His detention falls under § 1226 and not § 1225(b)(2).

Respondents argue that this case is distinct from others this Court has decided because Misael's pursuit of asylum mandates his detention under 8 U.S.C. § 1225(b)(2). *See* ECF No. 8 at 7–8. On this thin record, and consistent with my decision in *Ahmed M. v. Bondi*, I conclude that Misael's asylum application alone does not change the conclusion

3

that Misael's detention falls under § 1226. No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *1–2 (D. Minn. Jan. 5, 2026); *see Jhony A. v. Bondi*, No. 26-cv-146 (JMB/LIB), 2026 WL 114334, at *3 (D. Minn. Jan. 15, 2026) ("The fact that Jhony A. has applied for asylum does not change the conclusion."); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025) ("That Petitioner is in asylum proceedings does not alter this analysis."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 n.7 (S.D.N.Y. 2025) ("To the extent that Respondents might point to [petitioner's] asylum application to argue that he continues to 'seek' something, what he seeks is not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to *remain* here."). Misael is subject to discretionary detention and entitled to a bond hearing.[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Misael T.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[4] The resolution of this statutory-interpretation question in Misael's favor makes it unnecessary to address the Petition's remaining grounds.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 20, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court